UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHONTAY DESSART,

    Plaintiff,

v.                                 Case No. 16-C-775

UNITED STATES OF AMERICA,

    Defendant.

## ORDER DENYING MOTION FOR POST CONVICTION RELIEF

On June 19, 2014, a jury found Defendant Shontay Dessart guilty of 23 violations of the Food, Drug and Cosmetic Act ("FDCA"). On July 29, 2014, Dessart was sentenced to the custody of the Bureau of Prisons for a term of 12 months and a day on each count, with all sentences to run concurrently. The sentence of confinement was to be followed by one year of supervised release, and Dessart was ordered to pay special assessments totaling $2,300. The confinement portion of the sentence was stayed to allow Dessart to appeal his conviction.

On appeal, Dessart challenged the validity of the search warrant authorizing the search of his home and the court's denial of his request for a *Franks* hearing to challenge what he claimed was a material and intentional misstatement of fact in the supporting affidavit. *See Franks v. Delaware*, 438 U.S. 154 (1978). Dessart also claimed on appeal that the evidence was insufficient to support the jury's finding that he acted with deceptive intent and that the trial court erred in instructing the jury on the definition of prescription drug. The Court of Appeals rejected each of Dessart's claims and affirmed his conviction on May 17, 2016. 823 F.3d 395 (7th Cir. 2016). Approximately one month later, Dessart filed this action seeking relief under 28 U.S.C. § 2255.

In his motion seeking post conviction relief, Dessart asserts nine grounds for relief, each based on alleged errors on the part of his trial and/or appellate attorney. As the following discussion shows, however, none of the grounds alleged have merit, and Dessart's petition will therefore be denied.

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court is authorized to seek relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). One charged with a federal crime has a Sixth Amendment right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he Court has recognized that 'the right to counsel is the right to the effective assistance of counsel.'") (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)). Thus, to the extent Dessart's petition has asserted claims of ineffective assistance of counsel, it is cognizable under § 2255.

To establish a claim of ineffective assistance of counsel, a defendant must show that: (1) his attorney's assistance "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688; and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Id.* at 694. The test is highly deferential. A defendant will prevail on a claim of ineffective assistance of counsel only where he can prove he has been "denied a fair trial by the gross incompetence" of his attorney. *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Id.* at 374.

2

"Habeas corpus petitions must meet heightened pleading requirements ...." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). Although *McFarland* dealt with a petition for relief under § 2254, the same is true of petitions seeking relief under § 2255. The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2255, Rule 2(b); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n. 31.

It follows that conclusory allegations of "ineffective assistance of counsel" and vague allegations of "favorable evidence" that was not presented at trial are insufficient. That in essence is all Dessart has alleged. He alleges, for example, that his trial attorney erred in failing to call a lawyer Dessart claims to have consulted prior to starting his business. Noticeably absent, however, is any affidavit from the attorney or even Dessart as to what the attorney told him or would have

3

testified to at trial had he been called. To the extent the lawyer would have confirmed that the sale of Dessart's products for research only and not for human use, as stated in the disclaimers Dessart placed on his website, would have been lawful, there was no dispute. The issue before the jury was not whether Dessart could have legally sold his products to individuals conducting scientific research; the issue was whether that in fact was what Dessart was doing. As the Government notes in its Response to Dessart's petition, "by finding Dessart guilty of felony violations of the FDCA, the jury concluded that Dessart acted with intent to defraud and mislead when he manufactured and sold drugs for human consumption, contrary to the representations in his disclaimer." In other words, the disclaimer was an attempt by Dessart to hide from the FDA and other authorities what he was really doing. Dessart offers no evidence that the lawyer he consulted would have offered any testimony relevant to the central issue in the case.

Dessart likewise complains that his trial attorney failed to call Special Agent Cagnoni of the FDA as a witness. He notes that there were inconsistencies between S.A. Cagnoni's experience as claimed in the search warrant and the information disclosed in response to a FOIA request. Dessart contends "there are questions why the original inventory list of items seized from my Reedsville house was destroyed, and a new one created." (ECF No. 1 at 7.) He also notes he has questions about who was present during the execution of the warrant, chain of custody of items seized and tests performed. But the allegation that the defendant has questions is not enough to support a claim for relief under § 2255. The petitioner is required to allege facts that if true would entitle him to relief. In this Dessart wholly fails.

Dessart next claims that his trial attorney erred in failing to investigate and present evidence of his company's manufacturing process, which he claims made his products less effective for

4

humans. He again offers no evidence to support his contention, however. He doesn't even allege that he offered such information to his attorney, much less explain what difference it would have made. His claim of "irreconcilable differences' with trial counsel likewise provides no details as to what difference it made. Irreconcilable differences may be grounds for a divorce, but it is not a ground for a new trial absent some allegations as to how it deprived the defendant of a fair trial.

Dessart's allegations that his appellate counsel was ineffective fare no better. He complains that one of his appellate attorneys omitted "important elements" or "important evidence" from his initial brief, only included it in his responsive brief, and then refused to withdraw as appellate counsel. Presumably, Dessart is referring to an argument made in Dessart's reply brief that the Court of Appeals rejected as waived. United States v. Dessart, 823 F.3d at 403 n. 2. The minor discrepancies Dessart was apparently referring to would not have changed the outcome, however. His request for a *Franks* hearing would still have been denied. Finally, Dessart's argument over jury instructions was rejected by the Court of Appeals. Thus, counsel's failure to object either to the jury instructions or its verdict would have been without merit.

In short, Dessart has raised no issue that warrants relief or even a further evidentiary hearing. His motion for relief under 28 U.S.C. § 2255 is therefore denied. Further, finding no substantial showing of the denial of a constitutional right, I conclude that no certificate of appealability should issue. 28 U.S.C. § 2253(c)(2).

**SO ORDERED** at Green Bay, Wisconsin this  29th  day of November, 2016.

> s/ William C. Griesbach  
> William C. Griesbach, Chief Judge  
> United States District Court

5

Case 1:16-cv-00775-WCG   Filed 11/29/16   Page 5 of 5   Document 5